IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria

| | |
|---|---|
| IN RE: ) | Case No. 20-12322 |
| ) | |
| DYNAMIC SPORTS PERFORMANCE, LLC, ) | |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | |

## OPPOSITION TO MOTION TO DISMISS

COMES NOW Old Town #1, LLC ("Landlord" or "Creditor"), by and through its counsel, and hereby files this Opposition to the Motion to Dismiss filed by the Acting United States Trustee for Region 4. In support of its Opposition, Creditor states as follows:

## BACKGROUND

1. Landlord and Dynamic Sports Performance, LLC ("Tenant" or "Debtor") are parties to a Deed of Lease dated December 4, 2014 (the "Lease"), pursuant to which Debtor leased the nonresidential real property and improvements located at 113 S. Columbus Street, Suite Zero, Alexandria, VA 22314 ("Premises").

2. Landlord filed a Warrant in Debt, case no. GV20-2471-00 (the "Warrant in Debt") against Tenant in the General District Court for the City of Alexandria ("GDC") due to unpaid rents due under the Lease.

---

Leon Koutsouftikis, Esq. # 44262
MAGRUDER COOK KOUTSOUFTIKIS & PALANZI
1889 Preston White Drive, Suite 200
Reston, VA 20191
(571) 313-1503/fax: (571) 313-8967
Counsel for Old Town #1, LLC

3. On August 19, 2020, the GDC entered a default money judgment against Tenant in the amount of $19,794.80 (inclusive of $3,011.85 in attorneys' fees and expenses) with interest accruing thereon at 10% per annum (the "Money Judgment").

4. A true accurate and complete copy of the Money Judgment is attached hereto as **Exhibit 1** and incorporated by reference herein.

5. In Landlord's effort to collect on the Money Judgment, on October 2, 2020, TD Bank, N.A. ("TD Bank") was served with a Garnishment Summons, Suggestion for Summons in Garnishment, Garnishment Exemption, and Garnishee's Answer (the "Garnishment"), case no. GV20-2471-02.

6. A true accurate and complete copy of the Garnishment is attached hereto as **Exhibit 2** and incorporated by reference herein.

7. TD Bank, N.A.'s Answer to Garnishment (the "Answer") provided that Debtor maintains an account with TD Bank totaling $16,124.51, which funds have been set aside pursuant to the Garnishment.

8. A true accurate and complete copy of the Answer is attached hereto as **Exhibit 3** and incorporated by reference herein.

9. On the date of the return on the Garnishment, October 21, 2020, Tenant, by and through counsel, in an apparent attempt to prevent Landlord from executing on the validly obtained Money Judgment, filed the instant petition for bankruptcy protection under Chapter 11 of the United States Bankruptcy Code.

10. Due to Debtor's filing of the instant petition, Landlord released the garnishment funds.

11. On November 8, 2020, the United States Trustee (the "Trustee") filed a Motion to Dismiss the Debtor's petition on the basis that the filing of the petition was as a result of a two-party dispute and an abuse of the Bankruptcy Code.

12. For the reasons set forth herein, Creditor respectfully requests that this Court deny the Motion to Dismiss, or, in the alternative, grant dismissal on the condition that Debtor immediately turnover $16,124.51 to Creditor, representing the funds set aside by TD Bank pursuant to its Answer to the Garnishment, or, that the Court convert this case to Chapter 7.

## ARGUMENT

Granting an outright dismissal of the instant petition runs contrary to the best interests of Creditor, and therefore, the Court should deny the Motion to Dismiss. In the alternative, Creditor respectfully requests that the Court grant the Motion to Dismiss with the condition that Debtor immediately turns over the sum of $16,124.51 to Creditor, or, that the Court convert the instant petition to a petition under Chapter 7 of the Bankruptcy Code. Generally, a bankruptcy matter should be dismissed when a debtor's "reorganization effort is essentially a two party dispute aimed at frustrating one creditor…" In re Mazzocone, 183 B.R. 402, 415 (Bankr. E.D. Pa. 1995) (internal citations and quotations omitted).

However, in deciding whether to dismiss or convert a case under Section 1112(b)(1), the court shall consider **both** the best interests of the creditors and the estate. See 11 U.S.C. 1112(b)(1). Factors considered in making this determination include, "…(2) whether there would be a loss of rights granted in the case if it were

dismissed rather than converted… [and] (8) whether the debtor had engaged in misconduct and whether creditors are in need of a chapter 7 case to protect their interests…" See Askri v. Fitzgerald, 612 B.R. 500, 505 fn.10 (E.D. Va. 2020).

Granting the Motion to Dismiss would result in a clear loss of rights. Not only would Creditor need to restart its collection efforts, but the status of the $16,124.51 set aside by TD Bank pursuant to its Answer to the Garnishment is now uncertain, further prejudicing and frustrating Creditor. In fact, Debtor's apparent misconduct in filing its bankruptcy petition on the date of the return on the Garnishment, as described herein and in Trustee's Motion to Dismiss, emphasizes that Creditor is, at the minimum, "in need of a chapter 7 case to protect [its] interests." See Askri, 612 B.R. at 505 fn.10. Therefore, contrary to Trustee's contention, there are unusual circumstances establishing that dismissing the case is plainly not in the best interest of the creditors and the estate.

Moreover, granting an outright dismissal would reward Debtor's abuse of the Bankruptcy Code. Creditor agrees with the Trustee that Debtor inappropriately used the Bankruptcy Code to evade lawful collection efforts by Creditor, itself a potentially sanctionable offense. Indeed, Debtor has gone so far as to identify Creditor's claim as "disputed" notwithstanding entry of the Money Judgment. To date, Debtor has not appealed the Money Judgment, nor has Debtor in any way disputed the validity of the GDC's decision to grant judgment in favor of Landlord. Creditor has been and will continue to be unduly prejudiced should the Court grant the Motion to Dismiss.

Accordingly, Creditor respectfully requests that this Court deny Trustee's Motion to Dismiss, or, in the alternative, grant the Motion to Dismiss upon the condition that Debtor immediately turnover the sum of $16,124.51 to Creditor, or, that the Court convert this case to a Chapter 7 petition.

**WHEREFORE,** Old Town #1, LLC respectfully requests that the Court:

I. Deny Trustee's Motion to Dismiss; or

II. Grant Trustee's Motion to Dismiss on the express condition that Debtor immediately turnover $16,124.51 to Creditor; or

III. Deny the Motion to Dismiss and convert the instant petition under Chapter 11 to a petition under Chapter 7 of the Bankruptcy Code; and

IV. Award Creditor its attorneys' fees and costs; and

V. Award Creditor such other and further relief as this Court deems just.

Respectfully submitted,

Dated: December 7, 2020

MAGRUDER COOK
KOUTSOUFTIKIS & PALANZI

By: /s/ Leon Koutsouftikis
Leon Koutsouftikis    #44262
1889 Preston White Drive, Suite 200
Reston, VA 20191
(571) 313-1503
Counsel for Old Town #1, LLC

## CERTIFICATE OF SERVICE

PLEASE TAKE NOTICE that copies of the foregoing Opposition to Motion to Dismiss was mailed, first-class, postage prepaid, this 7th day of December 2020, to:

Nathan A Fisher, Esq.
Fisher-Sandler, LLC
3977 Chain Bridge Road, #2
Fairfax, VA  22030

Darius Gilbert, Debtor Designee
6038 Richmond Highway, Apt. 612
Alexandria, VA  22303

John P. Fitzgerald, III, Esq.
Jack Frankel, Esq.
Office of the U.S. Trustee – Region 4
1725 Duke Street
Suite 650
Alexandria, VA  22314

Jolene Wee, Esq.
JW Infinity Consulting, LLC
447 Broadway Street
2nd Floor #502
New York, NY  10013
Subchapter V trustee

/s/ Leon Koutsouftikis
Leon Koutsouftikis

T54728.012b