**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

In re:   DYNAMIC SPORTS PERFORMANCE, LLC:
:
:      Case No. 20-12322-KHK
:      Chapter    11
  Debtor     :
:

**PLAN OF REORGANIZATION FOR SMALL BUSINESS
UNDER CHAPTER 11**

Dynamic Sports Performance, LLC's plan of reorganization dated Dec. 13, 2020.

Background for Cases filed under Subchapter V.

   A.  Brief History of the Business Operations of the Debtor:

   Dynamic Sports Performance, LLC began operations in 2012 providing personal training services to the public.   The corporation is a sole member LLC owned and operated by Darius Gilbert, a former collegiate athlete at the University of Virginia.   The original business model was to provide personal training at a physical training facility while also providing online interactive training to clients.

     The business functioned smoothly until March of 2020 when social distancing guidelines and other restrictions were placed upon businesses of many types due to COVID-19.   The primary restriction on Dynamic Sports Performance, LLC was that the company could no long provide in person training to large groups in a physical location.   Without being able to train large groups in one indoor location, the Debtor was economically forced to close

its' physical training location in Alexandria, Virginia.

The Debtor was forced to adapt. The adaptation involved offering increased online training and organizing special events that could be conducted outdoors in the open air with proper social distancing.

Since the spring of 2020 this has been the revised business model of Dynamic Sports Performance, LLC.

B. Liquidation Analysis:

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. A liquidation analysis is attached to the Plan as Exhibit 1.

C. Ability to make future plan payments and operate without further reorganization:

The Plan Proponent must also show that it will have enough cash over the life of the Plan to make the required Plan payments and operate the debtor's business.

The Plan Proponent has provided projected financial information as Exhibit 2.

The Plan Proponent's financial projections show that the Debtor will have projected disposable incomes (as defined by Section 1191 (d) of the Bankruptcy Code for the period described in Section Section 1191(c)(2) of $ 500.00.

The final Plan payment is expected to be paid on December 20, 2026.

**Article 1: Summary**

This Plan of Reorganization (the Plan) under chapter 11 of the Bankruptcy Code (the Code) proposes to pay creditors of Dynamic Sports Performance, LLC (the Debtor) from cash flow from operations and future income.

**This Plan provides for:**    N/A    classes of priority claims;
N/A    classes of secured claims;
 x    classes of non-priority unsecured claims; and
N/A    classes of equity security holders.

Non-priority unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately 100 cents on the dollar.   This Plan also provides for the payment of administrative and priority claims.
All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim.   A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan.
Your rights may be affected.   You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)


**Article 2: Classification of Claims and Interests**

**Class 1**    -    All allowed claims entitled to priority under -507(a) of the Code (except administrative expense claims under -507(a)(2), ["gap" period claims in an involuntary case under -507(a)(3),] and priority tax claims under    -507(a)(8)).   NONE

There are no creditors in this class

**Class 2**    -    There are no claims that will be allowed as a secured claim under Section 506 of the Code.   NONE



**Class 3**    -    All non-priority unsecured claims allowed under Section 502 of the Code.   UNSECURED CREDITORS WILL BE PAID 100%.


**Class 4**    -    Equity interest of the Debtor. NONE

**Article 3:   Treatment of Administrative Expense Claims, Priority Tax Claims, and Quarterly and Court Fees**

**Unclassified claims**       Under section -1123(a)(1), administrative expense claims, ["gap" period claims in an involuntary case allowed under -502(f) of the Code,] and priority tax claims are not in classes.

**Administrative expense claims**

Each holder of an administrative expense claim allowed under Section 503 of the Code, [and a "gap" claim in an involuntary case allowed under Section 502(f) of the Code,] will be paid in full on the effective date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

**Article 4: Treatment of Claims and Interests Under the Plan**

**Claims and interest shall be treated as follows under this Plan:**

**Class**
   Class 1 - Priority claims excluding those in Article 3 - NONE

**Impairment**
   ----   Impaired
   ___   Unimpaired

**Treatment**

   Class 2 – Secured claims -     NONE

   ___ Impaired
   ___ Unimpaired


   Class 3 – Non-priority unsecured creditors

   ___ Impaired
   _x_ Unimpaired

Unsecured creditors will be paid 100%, at $500.00 per month from the Debtor's monthly Chapter 11 payment.

**Class 4 – Equity security holders of the Debtor    -    NONE**

   ___ **Impaired**
   ___ **Unimpaired**

**Article 5: Allowance and Disallowance of Claims**

**Disputed claim    -    A disputed claim is a claim that has not been allowed or disallowed [by a final non appealable order], and as to which either:**

   **(i)    A proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or**
   **(ii)   No proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.**

**Delay of distribution on a disputed claim    No distribution will be made on account of a disputed claim unless such claim is allowed [by a final non-appealable order].**

**Settlement of disputed claims   -   The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.**

**Article 6: Provisions for Executory Contract and Unexpired Leases**

**Assumed executory contracts and unexpired leases.**
   **(a) The Debtor assumes, and if applicable assigns, the following executory contract and unexpired leases as of the effective date: NONE**

   **(b) Except for executory contracts and unexpired leases that have been assumed, and if applicable assigned, before the effective date or under section 6.01(a) of this Plan, or that are the subject of a pending motion to assume, and if applicable assign, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the effective date.**

   **A proof of a claim arising from the rejection of an executory contract of unexpired lease under this section must be filed no later than 90 days after the date of the order confirming this Plan.**

**Article 7: Means for Implementation of the Plan**

Pursuant to 1123(a)(5)(A) of the Code, the Debtor shall retain all of the property of the estate.   Payments made under the plan shall be made from the cash flow and future earnings of the Debtor.

**Article 8: General Provisions**

**Definitions and rules of constructions:**     The definitions and rules of construction set forth in Sections 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:

**Effective date**        The effective date of this Plan is the first business day following the date that is 14 days after the entry of the confirmation order.   If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay expires or is otherwise terminated.

**Severability**        If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

**Binding effect**     The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

**Captions**          The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

**Controlling effect**      Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Virginia govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.]

**Corporate governance:**       N/A

**Retention of Jurisdiction:**    After the effective date of the plan, the United States Bankruptcy Court shall retain jurisdiction with regard to the case.

**Article 9: Discharge**

If the Debtor's Plan is confirmed under Section 1191(a), on the effective date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in Section 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt:
- (i) imposed by this Plan;   or
- (ii) to the extent provided in Section 1141(d)(6).

If the Debtor's Plan is confirmed under Section 1191(b), confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the first 3 years of this Plan, or as otherwise provided in Section 1192 of the Code.   The Debtor will not be discharged from any debt:
- (i) on which the last payment is due after the first 3 years of the plan, or as otherwise provided in Section 1192; or
- (ii) excepted from discharge under -523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

**Article 10: Other Provisions - NONE**

**Respectfully submitted,**

**/s/ Darius Gilbert**
**Darius Gilbert**
**Debtor Designee**
**Owner of Dynamic Sports Performance, LLC**

**/s/ Nathan Fisher**
**Nathan Fisher**
**Counsel to Debtor**

**Dated:  December 13, 2020**

/s/ Nathan Fisher
Nathan Fisher
Fisher-Sandler, LLC
3977 Chain Bridge Rd., #2
Fairfax, VA   22030
(703) 691-1642
VSB #37161

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of December, I served the forgoing, via first class and ECF, on the following, who are all necessary parties under Local Rule 4001(a)-1(E)(1):

Jack Frankel
Office of the United States Trustee
1725 Duke Street
Suite 650
Alexandria, VA   22314

Jolene Wee
JW Infinity Consulting, LLC
447 2nd Floor, #502
New York, NY   10013

Leonidas Koutsouftikis, Esq.
Magruder Cook Koutsouftikis & Palanzi
1889 Preston White Drive, Ste. 200
Reston, VA   20191

Darius Gilbert
Debtor Designee
6038 Richmond Highway, Apt. 612
Alexandria, VA   22303

/s/ Nathan Fisher
Nathan Fisher